IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP, A NATIONAL
ASSOCIATION,
Appellant,
vs.
SALVADORA PLACE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 71395

FILED

JUL 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

Appellant Bank of America first challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme. We disagree as explained in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017).

Bank of America also argues that the district court erred in granting summary judgment even though Bank of America had tendered the superpriority lien amount before the foreclosure sale. In particular, Bank of America claims that its counsel contacted the agent for the homeowners' association (HOA), requested a payoff ledger, and offered to pay the nine months of delinquent assessments constituting the

superpriority portion of the lien. Although Bank of America indicated below that it would provide the correspondence from its counsel, it apparently never did so as no such correspondence is in the record provided to this court. The document that Bank of America cites as support in its appellate briefs is a fax from the HOA's agent setting forth an amended demand, the total amount of the HOA's lien, and a breakdown of that amount. Even assuming that document establishes that Bank of America offered to pay the superpriority lien amount once the amount was determined, that offer was not sufficient to constitute a valid tender.[1] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate

---

[1]Bank of America's reliance on *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), and *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), is misplaced. Those cases addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11. Here, no contractual relationship existed between Bank of America and the HOA or the HOA's agent.

performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. Unites States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same). Bank of America provided no other evidence that it actually tendered the superpriority amount before the foreclosure sale.

Finally, Bank of America argues that material questions of fact remain as to whether the sale was affected by fraud, unfairness, or oppression that, coupled with a grossly inadequate sale price, would warrant equitable relief. *See Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017); *Shadow Wood Homeowners Ass'n v. N.Y. Comty. Bancorp, Inc.*, 132 Nev. 49, 59-60, 366 P.3d 1105, 1111-12 (2016). First, Bank of America relies on the HOA's alleged refusal to provide information it needed to calculate the superpriority amount of the lien, thus preventing a tender of that amount. But, the breakdown of the lien amount that the HOA's agent provided lists the delinquent assessments through February 12, 2012 ($735.84), and included a transaction detail for the property showing the monthly assessment was $70. As such, Bank of America did not establish unfairness affecting the sale based on the HOA agent's response to its request for a

payoff amount. Second, Bank of America argues that the district court should have granted its request for a continuance under NRCP 56(f) to conduct discovery into, among other things, whether the homeowners had made any payments pursuant to a payment plan they had entered with the HOA, how the HOA trustee conducted the sale, and any relationship between the purchaser at the foreclosure sale, respondent, the HOA, the HOA's agent, and any other prospective purchasers. Although Bank of America's pleadings as to its NRCP 56(f) request were not as clear as they could have been, when read together with the supporting declaration, we conclude that the district court should have granted the request. Accordingly, we conclude that summary judgment on this record was improper, and we therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

cc: Hon. Susan Johnson, District Judge
John Walter Boyer, Settlement Judge
Allison R. Schmidt, Esq, LLC
Akerman LLP/Las Vegas
Ayon Law, PLLC
Eighth District Court Clerk